















ANDY   2/10/03   15:36

3:03-CV-00270   BENTON V. ASHCROFT

*1*

*PCSO.*                    3347

ORIGINAL

SHEREEN J. CHARLICK
California Bar. No. 147533
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
(619) 234-8467

Attorneys for Petitioner



FILED

FEB - 7 2003

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH E. BENTON** | Civil Action No. **03 CV 0270 POR** |
| **Petitioner,** | |
| **v.** | **PETITION** |
| **JOHN A. ASHCROFT, ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF JUSTICE and UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS,** | **FOR WRIT OF HABEAS CORPUS** |
| | **[28 U.S.C. 2241]** |
| **Respondents.** | |

## I. PRELIMINARY STATEMENT

1.1     The petitioner has been convicted by way of guilty plea, sentenced to a term of 10 months, half of which term is to be served in the custody of the Bureau of Prisons ("BOP") and is awaiting surrender to a federal facility currently scheduled for February 21, 2003. At sentencing, the judge recommended that she serve the custodial portion of her sentence at a halfway house and participate in the Urban Work Cadre program which houses inmates at a community corrections center ("CCC"), the Pacific Furlough Facility, a private facility which has contracted with the BOP for the confinement of federal prisoners. However, the BOP, pursuant to its new "procedure change" deemed that Deborah Benton, along with a number of other inmates nationwide, was ineligible for community corrections center placement. Ms. Benton's statutory and due process rights are being violated by the Bureau of Prisons' determination, based upon this "procedure

change" that she is ineligible for placement in the Pacific Furlough Facility in spite of the judicial recommendation that she be so incarcerated.

Petitioner respectfully applies to the Court for a Writ of Habeas Corpus to remedy the unlawful retroactive application of a new rule changing Bureau of Prisons ("BOP") procedure eliminating her ability to serve the custody portion of her imposed sentence at a "correctional" as opposed to a "penal" facility. She is presently awaiting surrender on February 21, 2003 where she has been designated to surrender to FCI, Victorville. Accompanying this petition, petitioner has filed a motion for a preliminary injunction preventing the Bureau of Prisons from housing her in a penal facility as opposed to a CCC and for a stay of her self-surrender until these issues are resolved.

Petitioner is within the custody of the United States Department of Justice Federal Bureau of Prisons ("BOP") as a result of a 10- month sentence imposed on December 23, 2002 which included a judicial recommendation for halfway house placement. As a result of actions on the part of the Department of Justice, the BOP has designated Ms.Benton to FCI, Victorville, a penal institution.

## II. JURISDICTION & VENUE

2.1     This Court has jurisdiction under 28 U.S.C. §§ 2241(c)(1) and (3).

Venue is proper in this district because Petitioner was prosecuted and sentenced here and is currently in this district under the control of the BOP. *See* 28 U.S.C. § 1391.

2.2     The petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331 in that the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

2.3   The petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4) in that the petitioner seeks to redress deprivation of rights guaranteed by both the Constitution and federal statutes.

2.4   Venue is proper in this district because Petitioner's criminal matter arose out of this district and he is currently incarcerated in the Southern District of California.  28 U.S.C. § 2241, *et. seq.,*; 28 U.S.C. § 1391(e).

### III. PARTIES

3.1   The petitioner is presently confined at the Pacific Furlough Facility in San Diego, California, within the Southern District of California pursuant to the judgment of the United States District Court for the Southern District of California.

3.2   John A. Ashcroft is the Attorney General of the United States and charged with there sponsibility of overseeing the Department of Justice and the Bureau of Prisons which operates under its auspices.

### IV. STATEMENT OF FACTS

4.1   On September 27, 2002, Ms. Deborah Benton entered a guilty plea to a one-count indictment charging her with violating 18 U.S.C. §1341, mail fraud.

4.2   On December 23, 2002, the Honorable Barry Ted Moskowitz held a sentencing hearing where he found that the applicable adjusted offense level under the United States Sentencing Guidelines ("U.S.S.G.") was offense level 10 which fell within Zone C.  The sentencing judge then declined to depart downwards, but, instead, imposed a split sentence of five months in custody, with a judicial recommendation that the custodial portion of this sentence be served in the Urban Work Cadre, operated out of a CCC, the Pacific Furlough, and five months home confinement. *See* Exhibit A, Judgment & Commitment Order.

4.3   Petitioner was given a self-surrender date of February 21, 2003.

3

4.4     Unbeknownst to counsel, Ms. Benton, or the sentencing court, three days prior to the date of sentencing, the BOP promulgated this new policy, which is the subject of this habeas petition. *See* Exhibit B (letters and memos describing "procedure change").[1] According to the letter, this "procedure change" was due to "recent guidance form the U.S. Department of Justice's Office of Legal Counsel ("OLC") finding that the term 'community confinement' is not synonymous with 'imprisonment.'" *Id.* The letter notes:

> This procedure change will be implemented prospectively, **with the following exception**. Inmates directly designated to CCCs who, as of December 16, 2002, had more than 150 days remaining to serve on their prison terms, will be re-designated by the Bureau to prison institutions.

*Id.* (emphasis added). Had counsel and the sentencing court been aware of the new policy, this may have affected the district court's departure decisions and his fashioning of the sentence.[2]

4.5     This is a petition pursuant to 28 U.S.C. § 2241, though, as an alternative, the Court could construe it as a petition pursuant to 28 U.S.C. § 2255 and re-sentence Ms. Benton to probation and have her serve 5 months in a halfway house as a condition of probation since that would have been a permissible sentence in the first instance. No exhaustion of remedies is required.[3]

---

[1]  On December 23, 2002, the date of Ms. Benton's sentencing, the undersigned was entirely unaware of the new policy and it appears that the sentencing judge was also unaware or he would not have made a judicial recommendation which could not be implemented.

[2]  For example, knowing that Ms. Benton could only be designated to a prison, rather, than a CCC, he may have decided to depart two levels which would have placed Ms. Benton in Zone B, allowing for a sentence of probation with a condition of probation that she serve a portion of a sentence in a CCC. *See* U.S.S.G. § 5C1.1(c)(3), app. n.3(b).

[3]  *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990) ("The requirement that federal prisoners exhaust remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement."). The purpose underlying exhaustion does not exist here; the Regional Designator for the BOP who determined that Ms. Benton was to be designated to FCI, Victorville cannot alter a nationwide policy change implemented by the BOP. Hence, exhaustion would be futile in any event, thus, need not be attempted. *See Fraley v. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (holding that petitioner need not exhaust administrative remedies before filing for federal court review of decision to deny credit for pre-trial detention when Regional Director of BOP would "almost certainly have denied her request" pursuant to official BOP policy prohibiting issuance of credit for time spent on home confinement); *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995) (petitioner need not exhaust where would be futile).

4.6     According to the BOP memo, as a result of this procedure change, Ms. Benton has been designated to a penal institution, Victorville, FCI.

## V.  STATEMENT OF LAW

5.1     The BOP has promulgated a new "substantive" rule which it refers to as a "procedure change" which categorically precludes any individual with a sentence in Zone C or Zone D of the United States Sentencing Guidelines Table from placement in a Community Corrections Center.

5.2     This new substantive rule is directly contrary to the rule which the BOP employed on the date when Ms. Benton was sentenced, designated and surrendered to the CCC.

5.3     This new substantive rule results from an erroneous reading of the controlling statute, 18 U.S.C. § 3621(b).  It also ignores legislative history, and a history of agency opinions, rule-making and decisions predicated upon the former rule which permitted the BOP to designate individuals to CCCs as they were deemed to be "correctional facilities" pursuant to section 3621(b).

5.4     This new interpretation of section 3621(b) should not be accorded the usual deference due to agency interpretations of statutes because it ignores the long-standing and unchallenged prior interpretation and it is based upon erroneous legal reasoning.

5.5     This substantive change in BOP rules operates retroactively to disadvantage and upset Ms. Benton's settled expectations which is impermissible.

5.6     The new rule or "procedure change" is invalid because it is a substantive rules  subject to the rule-making requirement of the Administrative Procedure Act (APA) under 18 U.S.C. § 3625, and were promulgated without notice or comment as required by 5 U.S.C. §553.

5.7     The regulation and program statements are invalid because BOP did not invoke any good cause exception under 5 U.S.C. § 553 when promulgating the new rule or "procedure change" to excuse its failure to comply with the APA notice and comment requirements.

5.8     Even if the BOP had invoked good cause, none of the exceptions to notice and comment apply to this situation because prospective notice and comment was neither "impracticable, unnecessary, or contrary to the public interest," section 553(b)(B), nor did the changes in the regulation and program statement did not confer a benefit to excuse delaying implementation of the rule under Section 533(d).

5.9     The petitioner, deemed ineligible for CCC placement and subject to immediate prison placement is eligible to remain at the Pacific Furlough Facility because promulgation of a rule without following the APA "renders it ineffective so far as extinguishing rights of those otherwise within the class of beneficiaries," *Morton v. Ruiz*, 415 U.S. 199, 235-36 (1974).

5.10    The conduct of the respondent and her agents in denying Ms. Benton the place of incarceration to which she was committed to serve her period custody deprives her of rights conferred by 18 U.S.C. §3621(b), the Due Process Clauses of the Fifth Amendment, this conduct also violates requirements of the notice and comment and delayed effective dates of the Administrative Procedure Act ("APA"), 5 U.S.C. §553.

## VI.  REQUESTED RELIEF

Wherefore, the petitioner respectfully requests that this Court:

1)     Grant the writ of habeas corpus; and

2.)    Order that the Bureau of Prisons deem Ms. Benton eligible to complete service of her sentence at the Pacific Furlough Facility.

DATED this _____ day of February, 2003

Respectfully submitted,

SHEREEN J. CHARLICK
Federal Defenders of San Diego, Inc.
Attorneys for Petitioner Deborah E. Benton

6

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DEBORAH E. BENTON, | ) | Civil Action No. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **PROOF OF SERVICE** |
| | ) | |
| JOHN A. ASHCROFT, ATTORNEY | ) | |
| GENERAL, UNITED STATES | ) | |
| DEPARTMENT OF JUSTICE and UNITED | ) | |
| STATES DEPARTMENT OF JUSTICE | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

I, the undersigned, say:

1.     That I am over eighteen (18) years of age, a resident of the County of San Diego, State of California, not a party in the within action, and that my business address is 225 Broadway, Suite 900, San Diego, California, 92101-5008; and

2.     That I served delivered and original and four copies of the PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT FOR WRIT OF HABEAS CORPUS and APPLICATION FOR PRELIMINARY INJUNCTION  and to the United States District Court, Southern District of California, and

3.     That I served the a copy of the within PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT FOR WRIT OF HABEAS CORPUS and APPLICATION FOR PRELIMINARY INJUNCTION to all parties via certified mail:

> **JOHN D. ASHCROFT, Attorney General**
>  **of the United States**
> **U.S. Department of Justice**
> **950 Pennsylvania Avenue  NW**
> **Washington, D.C.  20530-0001**
>
> **FEDERAL BUREAU OF PRISONS**
> **Department of Justice**
> **320 First Street  NW**
> **Washington, D.C.  20534**

4.     That the same were delivered and deposited in the U.S. mails, first class postage prepaid, at San Diego, California, on February 7, 2003.

I certify that the foregoing is true and correct.  Executed on February 7, 2003, at San Diego, California.

MARGARITA GONZALES

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Deborah E. Benton
Federal Defenders
225 Broadway, Ste 900.
San Diego, CA 92101

## DEFENDANTS

John A. Ashcroft
Attorney General
Federal Bureau of Prisons

**FILED**
**FEB - 7 2003**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _San Diego_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

In Forma Pauperis

ATTORNEYS (IF KNOWN)

John Ashcroft
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530-000

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## II. BASIS OF JURISDICTION   (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 2241

03 CV 0270 L   POR

## V. NATURE OF SUIT   (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN   (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE ____   DOCKET NUMBER ____

DATE 2/7/03

SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**

$5.00   2/10/03   #91246 VD